UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR FISCHETTI, | : |
| Appellant, | : |
| v. | : Civ. A. No. 06-4838 (SRC) |
| JAMES A. SCARPONE, et al., | : **OPINION** |
| Appellees. | : |
| In re: | : |
| THOMAS A DIONISIO, | : |
| Debtor, | : |

**Chesler, U.S.D.J.**

This motion comes before the Court on the appeal filed by Victor Fischetti of the bankruptcy court order dated June 2, 2006, denying Mr. Fischetti's motion to remove the Trustee, James Scarpone ("Trustee") and Trustee's counsel, Robertson, Freilich, Bruno & Cohen ("RFBC"). Mr. Fischetti also appeals the bankruptcy court orders dated October 28, 2005 and December 20, 2005, denying Mr. Fischetti's requests for discovery. For the reasons set forth below, the Court denies Mr. Fischetti's appeal.

**I. Discussion**

In opposition to the appeal, the Trustee argues that Mr. Fischetti lacks standing to have the Trustee removed; Mr. Fischetti improperly relies on facts not in the record; there is no basis

to remove the Trustee; and Mr. Fischetti's challenge to the October 28, and December 20, 2005 orders is time barred. Because this is an appeal of a decision of the bankruptcy court, legal determinations are subject to *de novo* review, while "'[f]actual determinations are reviewed under the clearly erroneous standard.'" *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (quoting *Sovereign Bank v. Schwab*, 414 F.3d 450, 452 n. 3 (3d Cir. 2005)).

First, the Court finds that the appeals of the orders dated October 28, and December 20, 2005, which denied Mr. Fischetti's requests for discovery, are time barred. Any party seeking appeal must file the appropriate notice within ten days of entry of the order. Fed. R. Bankr. P. 8002(a); Fed. R. Bankr. P. 8003(a). Mr. Fischetti's notice of appeal, filed June 13, 2006, is far more than ten days after the issuance of the orders in 2005. Accordingly, the Court need not reach the substance of the arguments raised on appeal of those orders, and Mr. Fischetti's appeal of those orders is therefore denied.

Next, the Court turns to Mr. Fischetti's standing to challenge the appointment of Mr. Scarpone as Trustee and RFBC as counsel. The Trustee argues the bankruptcy court erred in finding Mr. Fischetti was a "party in interest." The Trustee contends that standing should be limited to creditors of a debtor or those who can assert an equitable claim against the estate. Because Mr. Fischetti is merely a defendant in an adversary proceeding with no actual stake in the outcome of the proceeding, the Trustee argues Mr. Fischetti does not have standing to be heard in the matter.

Although 11 U.S.C. § 1109 provides that a party in interest "may be heard on any issue in a case under this chapter," the Bankruptcy Code does not define a "party in interest." *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985). "Consequently, courts must determine on a

case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation." *Id.*

Although Mr. Fischetti does not have an actual stake in the bankruptcy proceeding, he is a defendant in the related adversarial proceeding in which the Trustee challenges a property transfer involving Mr. Fischetti as fraudulent. Mr. Fischetti seeks to have the Court review an alleged conflict of interest – an ethical concern that, if correct, should be addressed. *See In re Congoleum Corp.*, 426 F.3d 675, 687 (3d Cir. 2005) (finding that counsel for insurers, who were not creditors of the debtor and were not aggrieved by the order appealed, had standing to raise a potential conflict pursuant to Rule 8.3 of the New Jersey Rules of Professional Conduct ("RPC")).

The Third Circuit has emphasized the importance of alerting courts to ethical conflicts. *Id.* at 686. As the court noted in *Congoleum*, as a practical matter, it is highly unlikely that the parties to the bankruptcy case would raise the alleged conflicts raised by Mr. Fischetti. *See id.* at 697. Moreover, as a defendant in an adversarial proceeding filed by the Trustee, Mr. Fischetti may be affected by the appointment of the Trustee, and the Court finds he should be permitted to present any ethical concerns to the Court. Although Mr. Fischetti is not an attorney subject to Rule 8.3, which requires an attorney to report certain violations of the RPC, the Court finds a *pro se* litigant may raise potential ethical issues for the Court's consideration. Accordingly, the Court finds that Mr. Fischetti does have standing to be heard regarding a potential conflict of interest involving the Trustee.

In the underlying bankruptcy court opinion, Judge Gambardella addressed only two

issues[1]: (1) the sale of the 47 Marshall Hill Road Property, which Mr. Fischetti asserts occurred because of the Trustee's failure to file a notice of *lis pendons*; and (2) "that at certain relevant times the Trustee, Mr. Scarpone, or his law firm served as counsel to [RFBC] in [the Hilton Stein bankruptcy case, Docket No. 02-36276], an unrelated Chapter 11 case pending in this district." (March 1, 2006 Tr. at 10:1-10; 28:12-29:7).  The bankruptcy court found Mr. Fischetti did not offer "any proof that the Trustee is incompetent or unwilling to perform the duties of a trustee, or that he nor his counsel . . . have committed fraud or violated the fiduciary duties of their offices." (Tr. 30:19-22).

Specifically, the bankruptcy court held that the Trustee's reliance on court orders precluding the sale of the Marshall Hill Road Property, rather than filing a notice of *lis pendens* "to be an exercise of the Trustee's business judgment" and not arbitrary or capricious.  (Tr. at 30:23-31:4).  The court further held that the representation by the Trustee's former law firm, Scarpone, Staiano & Savage, of RFBC in the Hilton Stein bankruptcy case and in the related adversary proceeding did not raise any potential or actual conflicts of interest.  (Tr. 31:10-34:14). Finally, addressing the potential for a claim by the estate against RFBC arising from the sale of the Marshall Hill Road Property, the court found "the sale was not discovered by the Trustee until June of 2005, by which time the Scarpone firm's representation of [RFBC] had ended." Accordingly, the bankruptcy court found there was no violation of the duty to disclose imposed by the Bankruptcy Code, nor did the potential claim require disqualification of RFBC.  (Tr. at

---

[1] The bankruptcy court disregarding the other issues presented, explaining it had resolved those issues in disposition of Mr. Fischetti's previously filed motions, and not timely for reconsideration.  Mr. Fischetti does not challenge that decision in this appeal and therefore, it need not be addressed.

35:7-20).

On appeal of the Bankruptcy court's order denying his motion to remove the Trustee and RFBC, as best the Court can determine Mr. Fischetti raises the following arguments: (1) the representation of RFBC by the Trustee's law firm in the *Hilton Stein* case constitutes a conflict of interest for the Trustee in this matter, where RFBC serves as his attorneys, and the failure to report this alleged conflict is a violation of the Bankruptcy Code; (2) RFBC is subject to the same alleged conflicts; (3) the Trustee and RFBC have another conflict of interest in the present matter resulting from the Hilton Stein case, because the Trustee's former counsel in this bankruptcy case – Hellring Lindeman Goldstein & Siegal – represented the trustee in the Hilton Stein case, and therefore served as opposing counsel to RFBC, and Hellring represented RFBC's adversary in the related adversarial proceeding; (4) RFBC failed to report its relationship with the law firm Cole, Schotz, Meisel, Forman & Leonard ("Cole Schotz"), who was a named defendant in *Madison Financial v. Berman, et al.*, Docket No. L-3364-01, filed in the Superior Court in New Jersey, in which RFBC represented the plaintiff; (5) Cole Schotz, counsel for Tomas Dionisio, the Debtor in this bankruptcy proceeding, also represented the purchaser of the Marshall Hill Property at issue in the bankruptcy underlying this appeal; and (6) Cole Schotz also had an adversarial relationship with the law firm Wolff & Samson, which represented Vision Property, a creditor of the Debtor in the present bankruptcy matter.

The Trustee contends the bankruptcy court did not abuse its discretion in finding the Trustee and Trustee's counsel, RFBC, did not violate 11 U.S.C. § 324, 327 or Bankruptcy Rule 2014(a), because "there is no actual or potential conflict of interest between the trustee, Trustee's

counsel and the Bankruptcy Estate," and therefore, there is no basis for removal.[2]  In response to Mr. Fischetti's allegations the Trustee asserts that no conflict arises out of the Hilton Stein matter.  In his role as Secretary for District V-A of the Office of Attorney Ethics, the Trustee did not review the Hilton Stein matter because the complaints were consolidated before the Central Ethics Unit of the Administrative Office of the Courts.  The Trustee further contends the Bankruptcy court did not err in finding that any representation of RFBC by the Trustee or his firm in an unrelated Chapter 11 case or the adversary proceeding "involving a fee dispute or charging lien dispute does not raise any potential or conflict of interest."  (Tr. 34:1-14).

A trustee in a bankruptcy case must be a "disinterested person," as defined in the Bankruptcy Code.  11 U.S.C. § 101(14) defines a disinterested person as one who:

> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Once appointed, a trustee may only be removed for cause.  11 U.S.C. § 324.  "Cause for removal of a trustee from a bankruptcy proceeding has been found only where there is evidence of fraud, an injury to the debtor's estate, or a breach of fiduciary duty by the trustee."  *In re Federowicz*, Docket Nos. 88-3536, 83-01786, 1989 WL 200942, at *4 (D.N.J. 1989 August 07, 1989) (citing

---

[2]The Trustee also asks the Court to disregard twenty-four of the exhibits submitted by Mr. Fischetti.  However, the Trustee fails to point the Court to those documents.  As it is not the duty of the Court to search the record to identify those documents not submitted below, the Court will not entertain the Trustee's request to strike.  *See Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 (3d Cir. 2006) (quoting *Albrechtsen v. Bd. of Regents of Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002)) (explaining "'[j]udges are not like pigs, hunting for truffles buried in the record'").

*In re Freeport Italian Bakery, Inc*., 340 F.2d 50 (2d Cir. 1965); *In re Peckenpaugh*, 50 B.R. 865 (Bankr. N.D. Ohio 1985); *In re Rea Holding Corp.*, 2 B.R. 733 (Bankr. S.D.N.Y. 1980)). However, a trustee who is found not to be a "disinterested person," as defined in 11 U.S.C. § 101(14) should generally be removed for "cause" as required by 11 U.S.C. § 324. *See In re BH & P , Inc*., 949 F.2d 1300, 1308 (3d Cir. 1991).

The Bankruptcy Code also provides that the trustee may employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327 (a); Fed. R. Bankr. P. 2014. Trustees may retain their own firms as attorneys, so long as such representation "is in the best interest of the estate." 11 U.S.C. § 327(d).

The trustees and their counsel have ""a duty to disclose *actual or potential* conflicts of interest which may bear upon their qualification. . . ." *In re BH & P*, 949 F.2d at 1317 (quoting *In re Roberts*, 75 B.R. 402, 410 (D. Utah 1987)). Indeed, the Bankruptcy Rules require that in the application for approval of employment of counsel, the trustee must provide:

> to the best of the [trustee's] knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014 (a). Although this list appears to require exhaustive disclosures, the Bankruptcy Rule does not require disclosure of every conceivable "connection" the trustee or trustee's counsel may have to every other attorney related to the matter. "The decision by the

drafters of the Bankruptcy Rules to use the term 'connections' in Rule 2014(a) is indeed 'an unfortunate one.'" *In re Fibermark, Inc.*, No. 04-10463, 2006 WL 723495, at *9 (Bankr. D. Vt. March 11, 2006) (quoting 9 L. KING, COLLIER ON BANKRUPTCY, ¶ 2014.05 (15th ed. 2005)).

> In bankruptcy practice there are often numerous "connections" among professionals due to the fact that professionals will interact in many cases. No court has yet suggested that the requirement of disclosure includes listing all such relationships. The "connections" cited by the courts run to fee sharing arrangements and the like which might affect the court's decision to approve the employment.

COLLIER ON BANKRUPTCY, ¶ 2014.05.

The decision of whether disqualification of trustee's counsel is required is "committed to the sound discretion of the bankruptcy court." *In re BH & P*, 949 F.2d at 1313. In determining whether to disqualify the bankruptcy trustee's counsel, courts are to apply the following standards: (1) an attorney with an actual conflict of interest shall be disqualified; (2) a court has discretion to disqualify an attorney who has a potential conflict of interest; and (3) a "court may not disqualify an attorney on the appearance of conflict alone." *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 476 (3d Cir. 1998).

Here, the Bankruptcy court held that the "representation by the Trustee or the Trustee's law firm of [RFBC] in an unrelated bankruptcy Chapter 11 case, *Hilton Stein*, . . . or the adversary proceeding . . . filed in the *Hilton Stein* case on a completely unrelated mater involving a fee dispute or charging lien dispute does not raise any potential or actual conflict of interest." (Tr. at 34:1-8).

First, to the extent Mr. Fischetti sought to raise such an argument, there is no conflict created by the Trustees electing his current or previous firm to serve as counsel to the Trustee.

11 U.S.C. § 327(d).  Next, the bankruptcy court is correct in its finding that the *Hilton Stein* case and this matter are not related; therefore, the connections between Trustee, RFBC, Cole Schotz, Hellring Lindeman Goldstein & Siegal, or Wolff & Sampson arising from that matter do not give rise to a potential conflict of interest.  Therefore, the bankruptcy court did not abuse its discretion in denying Mr. Fischetti's motion to remove the Trustee and RFBC for relationships stemming from the *Hilton Stein* matter.  *See In re Marvel Entertainment Group, Inc.*, 140 F.3d at 476.

Likewise, Mr. Fischetti has failed to demonstrate how the connections between RFBC and Cole Schotz in *Madison Financial v. Berman, et al*., Docket No. L-3364-01, another completely unrelated case, would give rise to a potential conflict of interest.  Mr. Fischetti's statements regarding Cole Schotz seem to suggest that he is arguing the Trustee and RFBC abused their fiduciary duty by not preventing the sale of the Hill Road Property, the purchaser of which was represented by Cole Schotz, the firm that also represents the Debtor.  This connection is tenuous at best.  Any other connections between Trustee, RFBC, Cole Schotz, and Wolff & Samson are even more nebulous.  As stated above, "In bankruptcy practice there are often numerous 'connections' among professionals due to the fact that professionals will interact in many cases.  No court has yet suggested that the requirement of disclosure includes listing all such relationships."  COLLIER ON BANKRUPTCY, ¶ 2014.05.  Because there is no potential conflict of interest between the Trustee, RFBC, Cole Schotz, and Wolff & Samson, the bankruptcy court did not abuse its discretion in denying Mr. Fischetti's motion to remove the Trustee and RFBC.  *See In re Marvel Entertainment Group, Inc.*, 140 F.3d at 476.

Finally, although not clearly challenged in this appeal, to the extent Mr. Fischetti seeks review of the Bankruptcy court's finding that the Trustee's decision not to file a notice of *lis*

*pendens* on the Marshall Hill property, the Court finds that Mr. Fischetti does not have standing to raise this concern.  Furthermore, the bankruptcy court did not err in finding that the "Trustee's reliance on Orders of courts of competent jurisdiction to protect the estate's interest in the property" was a reasonable exercise of his business judgment and not arbitrary or capricious, particularly in light of the Trustee's efforts to pursue claims against the parties involved in the sale to mitigate any loss to the estate.  *See In re Miller*, 302 B.R. 705, 709 (10th Cir. BAP 2003). Accordingly, the Court cannot find the court abused its discretion and therefore, the Court cannot reverse the decision.

## II.  Conclusion

For the reasons set forth above, the Court denies Mr. Fischetti's appeal of the bankruptcy court orders dated October 28, 2005, December 20, 2005, and June 2, 2006.

      s/ Stanley R. Chesler
      Stanley R. Chesler,
      United States District Judge

DATED: March 28, 2008