CL

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR FISCHETTI, | : |
| Appellant, | : |
| v. | : Civ. A. No. 06-4838 (SRC) |
| JAMES A. SCARPONE, et al., | : **OPINION & ORDER** |
| Appellees. | : |
| In re: | : |
| THOMAS A DIONISIO, | : |
| Debtor, | : |

**Chesler, U.S.D.J.**

This matter comes before the Court upon the letter submitted by Victor Fischetti requesting reconsideration [docket item 35] of this Court's Order dated March 28, 2008. In his letter to the Court dated April 7, 2008, Mr. Fischetti asks the Court to "[r]econsider its decision and at least order disclosure."[1] Although Mr. Fischetti did not file a formal motion for reconsideration, the Court nevertheless addresses it as such, and for the reasons set forth below, denies Mr. Fischetti's request.

Rule 7.1(i) of the Local Civil Rules for the District of New Jersey governs motions for

---

[1] Mr. Fischetti also states that he opposes the Trustee's request to strike evidence. The Trustee made this request in his brief in opposition to Mr. Fischetti's appeal. However, the Court did not strike the evidence, so it need not address Mr. Fischetti's opposition to the request to strike the evidence at this time.

reconsideration or reargument.[2] It is well-established that the Court may grant a motion under the rule only if the moving party demonstrates that the Court, in reaching its prior decision, overlooked a controlling decision of law or a dispositive factual matter which, if considered by the Court, might reasonably have resulted in a different conclusion. See Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 612 (D.N.J. 2001). However, relief by way of a motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). The Court is not authorized to grant a motion for reconsideration based on a party's mere disagreement with the Court's decision. See id.; G-69 v, Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."). A motion under Rule 7.1(i) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

   Mr. Fischetti does not allege any change in controlling legal authority, nor does he argue that any previously unavailable evidence has come to light. Instead, Mr. Fischetti's simply

---

[2]Some of the cases cited below refer to Rule 7.1(g). However, Local Civil Rule 7.1 was amended on February 24, 2005, so that Motions for Reconsideration are now governed by Local Rule 7.1(i). For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

argues that the Court was incorrect in its decision. As explained above, the standard of review for a motion for reconsideration is high, and relief is granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Plaintiff has not satisfied the Court that he is entitled to such extraordinary relief. Accordingly,

**IT IS** on this 21st day of May, 2008,

**ORDERED** that Mr. Fischetti's motion for reconsideration [docket item 35] of the Court's March 28, 2008 Order is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge